UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GARY VOVES § | |
| § | |
| v. § | CIVIL NO. 4:25-CV-441-SDJ |
| § | |
| AMERICAN ECONOMY § | |
| INSURANCE COMPANY § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Gary Voves's Corrected Motion to Remand. (Dkt. #10). Defendant American Economy Insurance Company ("AEIC") filed a response in opposition. (Dkt. #11). Having considered the motion, AEIC's response, the record, and the applicable law, the Court concludes that the remand motion should be denied.

### I. BACKGROUND

Voves holds a property insurance policy issued by AEIC. (Dkt. #3 ¶ 7). Following a storm that damaged his property, Voves filed a claim with AEIC. (Dkt. #3 ¶ 8). Voves alleges that AEIC "conducted a substandard investigation and inspection of the property," "undervalued the damages observed during the inspection," and ultimately "denied and/or underpaid the claim." (Dkt. #3 ¶ 9–11). After this denial, Voves sent AEIC a pre-suit notice letter, alleging $33,000 in unpaid policy benefits. (Dkt. #1-4 at 2–3). A few months later, Voves sued AEIC in Texas state court, asserting claims for breach of contract and violations of the Texas Insurance Code. (Dkt. #3 ¶ 16–24). Voves did not include a specific dollar amount for actual damages

1

in his state-court petition; he did, however, demand "treble damages pursuant to Texas Insurance Code § 541.152(a)–(b)." (Dkt. #3 ¶ 24).

AEIC then removed the case to this Court based on diversity jurisdiction. (Dkt. #1 ¶ 4–9). Voves now moves to remand the case back to state court, arguing that the $75,000 amount in controversy requirement for diversity jurisdiction is not met. (Dkt. #10 at 2–4). In response, AEIC proposes a simple math equation: $33,000 (the actual damages figure from Voves's pre-suit notice letter), multiplied by three (per the treble damages demand in Voves's petition), equals $99,000. (Dkt. #11 at 1–2). Thus, AEIC argues, the amount in controversy here exceeds $75,000, and this Court has subject-matter jurisdiction.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1332(a), the amount in controversy must exceed $75,000. Where the amount in controversy is disputed because a specific damages number is not alleged in the complaint, the party seeking to invoke the court's jurisdiction "must prove by a preponderance of the evidence that 'the amount in controversy exceeds the jurisdictional amount,' and may rely on 'summary judgment-type evidence' to do so." *1400 FM 1417 LLC v. Certainteed Corp.*, No. 4:21-CV-00847, 2022 WL 906192, at *7 (E.D. Tex. Mar. 28, 2022) (quoting *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). In a removed case, the removing defendant bears the burden of showing that federal jurisdiction exists, and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS*

*Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002)).

### III. DISCUSSION

AEIC has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required to establish diversity jurisdiction under Section 1332. *See* 28 U.S.C. § 1332(a). AEIC attaches Voves's pre-suit notice letter to its Notice of Removal, in which Voves claims $33,000 in unpaid policy benefits. (Dkt. #1-4 at 3). Voves concedes that this figure represents his actual damages. (Dkt. #10 at 3). AEIC reasons that because Voves is seeking treble damages, for purposes of the amount in controversy requirement, the $33,000 figure becomes $99,000, exceeding the amount in controversy threshold. The Court agrees.

The Fifth Circuit has held that a plaintiff's pre-removal demand letter, coupled with a statutory multiplier, may serve as sufficient summary judgment-type evidence to establish the amount in controversy requirement. *Chavez v. State Farm Lloyds*, 746 F.App'x 337, 341 (5th Cir. 2018) (holding that defendant satisfied amount in controversy requirement where plaintiff's demand letter for $40,776.44 could double when coupled with exemplary damages permitted under Texas law), *abrogated on other grounds by Agredano v. State Farm Lloyds*, 975 F.3d 504 (5th Cir. 2020). District courts, including this one, have similarly applied this principle. *Nguyen v. AmGuard Ins. Co.*, No. 4:22-CV-175-SDJ, 2022 WL 17477545, at *3 (E.D. Tex. Dec. 6, 2022) (finding amount in controversy requirement met where plaintiff's pre-removal

demand letter to defendant insurance company sought $36,104.56 in damages, which when trebled exceeded $75,000); *SOLARES v. Allstate Vehicle & Prop. Ins. Co.*, No. 5:19-CV-00027, 2019 WL 3253072, at *3 (S.D. Tex. June 11, 2019) ("In the insurance context, courts have asserted federal jurisdiction where the insurer produced a pre-suit demand letter plainly showing damages near or in excess of $75,000."); *Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 WL 2471905, at *5 (S.D. Tex. June 16, 2010) (finding amount in controversy requirement met where plaintiff's pre-removal demand letter to defendant insurance company sought $44,500 in damages, which when trebled exceeded $75,000); *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008) (holding that plaintiff's pre-suit demand letter to defendant insurance company is proper evidence used to determine the amount in controversy).

Here, the Court finds that Voves's pre-suit notice letter alleges $33,000 in unpaid policy benefits. (Dkt. #1-4 at 3). As Voves is seeking treble damages, his claim necessarily involves an amount in controversy rising to at least $99,000, exclusive of interest and costs, meeting Section 1332's amount in controversy requirement. Because AEIC has also established that the parties are completely diverse, (Dkt. #1 ¶ 5–7), the Court has subject-matter jurisdiction, and Voves's remand motion must be denied.

### IV. CONCLUSION

For these reasons, Plaintiff's Corrected Motion to Remand, (Dkt. #10), is **DENIED**.

**So ORDERED and SIGNED this 3rd day of September, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE